UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM WOOD,

        Plaintiff,

        v.

KENNETH ZYDEL, et al.,

        Defendants.

**ORDER**
08-CV-0064F

---

On March 18, 2009, the Court directed the Clerk of the Court to cause the United States Marshals Service to serve the summons and amended complaint on defendant G. Monahan[1] and, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), requested the New York State Attorney General's Office, which had appeared previously on behalf of defendant Zydel and would in all likelihood appear on behalf of the other defendants, to ascertain the names and addresses of defendant Jane Doe, Correctional Counselor, and defendants John and Jane Does, Corrections Officers at the Wende Correctional Facility ("Wende"). (Docket No. 18). The Court noted that the Attorney General's Office did not need to undertake at this time the defense and indemnification of these John and Jane Doe defendants but rather attempt to ascertain their names and addresses. (*Id.*)

The Attorney General's Office forwarded a response to the Court and stated that with regard to defendant Jane Doe, Correctional Counselor, referred to on page 3, ¶ ¶ 4 and 6 of the Amended Complaint, the name of the Correctional Counselor that plaintiff alleges meeting with at Wende on September 26 ,2005 is "Deborah Watkins," currently the

---

[1] Plaintiff was previously granted permission to proceed *in forma pauperis*. (Docket No. 5)

Supervising Corrections Counselor at Wende. With regard to defendants John and Jane Does, Correctional Officers, on page 5, ¶ ¶ 23 and 26 of the amended complaint, the names of the correctional officers that worked the magnetometer on March 22, 2006, as described by plaintiff in the amended complaint, are "CO Steven Blask," "CO A. Kemp-Parker," and "CO Edward McEvoy." Blask and McEvoy are still employed at Wende and Kemp-Parker has retired.[2] As to John and Jane Does, referred to at page 5, ¶ 27 of the amended complaint, and alleged to have "failed to perform their duty of securing messhall with adequate staff before allowing inmates to messhall," the Attorney General Office's response noted that it had been informed by Wende that all messhall security posts were filled on March 22, 2006, and therefore it is unable to identify the John and Jane Does described in the amended complaint. Accordingly, it is incumbent on plaintiff to attempt to identify these remaining John Doe defendants through discovery as soon as he can. For example, he can serve interrogatories or document requests on defendants' counsel, *see* Fed.R.Civ.P. 33 and 34, seeking the names of the correctional officers who were assigned to messhall security on the date and time at issue in the amended complaint.[3]

---

[2] The letter notes that the Department of Correctional Services has been requested to provide a last known address for Kemp-Parker. Once that information is submitted to the Court, the Clerk of the Court will be directed to cause the Marshals Service to serve Kemp-Parker and to complete the summons and Marshals Form for this defendant in order to effect service on him.

[3] Plaintiff is advised the statute of limitations for actions filed under 42 U.S.C. § 1983 is three years, *Owens v. Okure*, 488 U.S. 235, 251 (1989), and he will need to identify the John Doe defendant and move to amend the caption to add him to this action within that time period. "Rule 15(c) [of the Federal Rules of Civil Procedure] does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities. Rule 15(c) explicitly allows the relation back of an amendment due to a 'mistake' concerning the identity of the parties (under certain circumstances), but the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake." *Barrow v. Westerfield Police Dept.*, 66 F.3d 466, 470 (2d Cir. 1995), *opinion amended*, 74 F.3d 1366 (2d Cir. 1996); *see also Tapia-Ortiz v. Doe,* 171 F.3d 150, 152 (2d Cir. 1999) ("[E]ven when a suit is brought by a pro se litigant, an amended complaint adding new defendants cannot relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities.") (citing *Barrow*, 66 F.3d at 470 (internal quotation marks omitted).

IT IS HEREBY ORDERED that the caption of the amended complaint is amended to include "Deborah Watkins, Corrections Counselor" as a defendant and to terminate "Jane Doe, Corrections Counselor" as a party to this action and to include "CO Steven Blask," "CO A. Kemp-Parker," and "CO Edward McEvoy" as defendants in this action;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshals Service to serve the summons and amended complaint, and this Order, on defendants Deborah Watkins, CO Steven Blask, and CO Edward McEvoy at the Wende Correctional Facility. The Clerk of the Court is directed to complete the necessary summonses and Marshal Forms (USM-285) in order to effect service on these defendants;

FURTHER, that upon receipt of the last known address of defendant CO A. Kemp-Parker, the Clerk of the Court shall complete the summons and Marshal Form for service on said defendant and cause the United States Marshals Service to serve the summons, amended complaint and this Order on defendant A. Kemp-Parker.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 15, 2009
Buffalo, New York